UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SMILES SERVICES LLC et al.,<br><br>                Plaintiff,<br>    v.<br><br>RAYMOND L. FRYE et al.,<br><br>                Defendant. | CASE NO. 3:23-cv-05392-DGE<br><br>ORDER GRANTING STIPULATED MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 22) |

This matter comes before the Court on the parties' Stipulated Motion for Stipulated Preliminary Injunction. (Dkt. No. 22.) The Court has reviewed the motion and the parties' stipulations, and the Court hereby GRANTS the parties' Stipulated Motion for Stipulated Preliminary Injunction. The Court further ORDERS that the following terms shall govern the parties' conduct until this case is dismissed or the Court otherwise orders this Stipulated Preliminary Injunction dissolved or modified:

1. Defendants Frye, Dentists-Owned Clinics, LLC ("DOC") and Raymond L. Frye II DMD, P.L.L.C. ("Frye DMD") ("Defendants") and Defendants' employees, owners (including

Jena Ewald and Brian Daltoso), agents, and related business entities owned, directly or indirectly or with any beneficial interests, by Frye, including Frye & Correll P.L.L.C., (together with Defendants, collectively the "Restricted Parties") shall not use, disclose, or otherwise distribute any confidential or trade secret information belonging to Plaintiffs while this Stipulated Preliminary Injunction remains in effect.  Within ten (10) days of the entry of this Stipulated Preliminary Injunction, Defendants will identify all information in their possession, and any transmission of such property and information to other parties, search for and return all Plaintiffs' property and information in their possession, identify all persons to whom such information was disclosed, and securely delete such information from their possession, and shall not retain hard paper copies, images, electronic copies or any other form of reproduction, duplication, or active use, including but not limited to, items such as financial models for reporting, financial reports, employee information, vendor information, practice level operating information, contracts, and related information.

2. Restricted Parties shall not open, operate, manage, acquire, own, provide services to, or practice dentistry at any dentist clinics or practices within a 10-mile radius of Plaintiffs' dentist clinics existing as of the date this Stipulated Preliminary Injunction is entered. Restricted Parties shall not open, operate, manage, acquire, own, or provide services to any dental service organization or management services organization in the field of dentistry except for Restricted Parties' operation of DOC, and Restricted Parties shall not expand the operation of DOC beyond dentist clinics owned by Defendants and opened and operated in compliance with the restrictions in this paragraph. Nothing in this Stipulated Preliminary Injunction prohibits Defendants from continuing to operate

Defendants' dentist clinics currently operating in Tacoma and Silverdale, Washington, or opening new clinics that comply with the geographic limitations in this paragraph. Further, nothing in this Stipulated Preliminary Injunction prohibits the continuing operation of the Defendants' dentist clinics, if, after the date of this Stipulated Preliminary Injunction, Plaintiffs open, acquire, or otherwise commence new operation of a dentist clinic within a 10-mile radius of any of Defendants' then-existing dentist clinics, or clinics otherwise opened which, when opened, did not violate the terms of this Stipulated Preliminary Injunction. However, Plaintiffs reserve all rights with respect to claims or damages associated with Restricted Parties' activities and operations of all dental practices, DOC, Frye DMD, or other related business entities owned by Defendant Frye, including Frye & Correll P.L.L.C. Defendants likewise reserve all rights with respect to claims, counterclaims, or defenses Defendants have asserted or may assert against Plaintiffs other than as expressly set forth here.

3. Restricted Parties will not solicit for care any of Plaintiffs' existing patients. This Stipulated Preliminary Injunction does not prevent immediate family members (dependents, partners, spouses, parents and siblings) of employees of Defendants who wish to transfer their care to Defendants' businesses from doing so, and their doing so shall not constitute a violation of this Stipulated Preliminary Injunction. This Stipulated Preliminary Injunction also does not prevent patients who independently contact Defendants requesting to transfer their care, absent any solicitation, outreach, or interference by Defendants, from transferring their care to Defendants, and Defendants providing care to such patients shall not constitute a violation of this Stipulated Preliminary Injunction.

4. Restricted Parties will not solicit, employ, or accept services from any employee, officer, director, or dental service providers (hygienists, dentists, or surgeons) of Plaintiffs while such person is actively providing services to Plaintiffs and, other than as expressly set forth here, in the case of a former employee, officer, director, or dental service providers (hygienists, dentists, or surgeons) within one year of the termination of such person's services to Plaintiffs; provided, however, this one-year post-employment restriction on hiring shall not apply to any individual employee, officer, director, or dental service provider whose employment or continued provision of services with Plaintiffs is terminated for reasons other than the misconduct for the benefit of or by the Restricted Parties. Nothing in this paragraph shall prevent the continued employment of Plaintiffs' former employees already employed by Defendants, or whom have already given notice of their resignation to Plaintiffs, the complete list of whom is as follows:

Jena Ewald
Brian Daltoso
Dr. Mary Correll
Dr. Amrit Mattu
Sabrina Morris
Devin Wenski
Laurie Molvar
Krystal Melgoza
Deb Mason
Morgan Buzzell
Bernaze Betancourt
Dr. William Webley

With respect to Dr. William Webley, the exception in this paragraph does not apply during Dr. Webley's remaining employment with Plaintiffs, and Dr. Webley shall not become employed with or provide services to Restricted Parties while he remains employed by Plaintiffs.  Nothing in this paragraph constitutes a waiver of any claim that

ORDER GRANTING STIPULATED MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 22) - 4

Plaintiffs may have against Dr. Webley or Defendants as a result of Defendants' employment of Dr. Webley, or a waiver of any defense Defendants may have to any such claim.

5. Restricted Parties will instruct their agents, owners, and employees to abide by the terms of this Stipulated Preliminary Injunction and all existing contractual obligations that they have with Plaintiffs.

6. Restricted Parties will not aid or abet others to engage in activities on their behalf that violate the terms of this Stipulated Preliminary Injunction or their own existing contractual obligations to Plaintiffs.

7. In order for this Stipulated Preliminary Injunction to go into effect, Defendant Frye and the principal representative of Plaintiffs agree that they will have a discussion in good faith (without counsel) about the parties' outstanding issues and potential resolutions of disputes related thereto no later than 5:00 p.m. Central Time on Thursday, May 18, 2023. Plaintiffs and Defendants agree that if Defendant Frye fails to attend this discussion, which shall occur via phone or videoconference, the terms of this stipulation shall be void and Plaintiffs may file a motion seeking to have the Court's stipulated preliminary injunction vacated, if then entered, and that Defendants shall not oppose any such motion. However, provided that Defendant Frye attends the discussion as set forth here, nothing about the content or outcome of the discussion shall serve as a basis to void the parties' stipulations or vacate this Stipulated Preliminary Injunction.

8. This Stipulated Preliminary Injunction shall remain in effect until final, appealable adjudication of this matter or otherwise as mutually agreed to by the parties.

9. By agreement of the parties, no security shall be required of Plaintiffs for this Stipulated Preliminary Injunction.

10. Nothing in the foregoing shall be construed as a waiver of any substantive claim, defense, or claim for damages in this case, and that the agreement of the parties is solely for purposes of maintaining the status quo during the pendency of this litigation.

Dated this 18th day of May, 2023.



David G. Estudillo
United States District Judge