UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SMILES SERVICES LLC et al., | CASE NO. 3:23-cv-05392-DGE |
| Plaintiffs, | ORDER ON MOTIONS TO STAY (DKT. NOS. 33, 35) |
| v. | |
| RAYMOND L. FRYE et al., | |
| Defendants. | |

I.   INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion to Compel Arbitration and to Stay Adjudication of Claims Against Frye Pending Completion of Arbitration (Dkt. No. 33) and Motion to Stay Motion to Dismiss for Failure to State a Claim (Partial) (Dkt. No. 35).

ORDER ON MOTIONS TO STAY (DKT. NOS. 33, 35) - 1

## II. BACKGROUND

**A. Claims Against Defendants**

Smiles Services ("Smiles") is a dental service organization that provides administrative support to Smiles Dental, an entity operating twenty individual dental practices in Washington and Oregon. (Dkt. No. 25 at 4.) In March 2018, Smiles Services ("Smiles") hired Defendant Raymond L. Frye as Chief Executive Officer ("CEO"). (*Id*.) Smiles and Defendant Frye signed an employment agreement. (Dkt. No. 25-1 at 13.) The employment agreement contained an arbitration clause, which the parties acknowledge is valid and enforceable. (Dkt. Nos. 33 at 3, 37 at 1.) The arbitration clause stipulated the parties were to arbitrate any claims for damages arising under the employment agreement. (Dkt. No. 25-1 at 11.) Smiles terminated Defendant Frye's employment in January 2023. (Dkt. No. 25 at 4.)

Plaintiffs allege that prior to his termination, Defendant Frye "began directly soliciting the opportunity to purchase some of Plaintiffs' practices[.]" (*Id*. at 14.) After his termination, Plaintiffs claim Defendant Frye "formed at least three entities to operate in direct competition with Plaintiffs." (*Id*. at 15.) They contend he also "solicited Plaintiffs' employees, including Smiles Services Chief Operations Officer ("COO"), Jena Ewald [and] Smiles Services Chief Financial Officer ("CFO") Brian Daltoso." (*Id*. at 14.) Plaintiffs allege "Frye and other agents of his new entities (including Ewald), are directly contacting, soliciting, and interfering with Smiles Services' business and employee relationships and agreements with employees, independent contractors, customers and clients[.]" (*Id*. at 16.)

Plaintiffs also allege "Frye and/or other Defendants improperly retain possession of and/or have disclosed and used Plaintiffs' highly confidential, proprietary and trade secret information," including various financial and strategic documents. (*Id*. at 19.) Plaintiffs believe

Defendant Frye "used the confidential, proprietary and trade secret information that he took from Plaintiffs to benefit himself[.]" (*Id.*)

Plaintiffs allege all Defendants are liable for (1) misappropriation of trade secrets under the Defend Trade Secrets Act (18 U.S.C. §1836, et seq.) and the Washington Uniform Trade Secrets Act (Wash. Rev. Code. §19.108), (2) tortious interference with contract and business relationships, (3) conversion, (4) unjust enrichment, and (5) civil conspiracy. (Dkt. No. 25 at 22–29, 33–35, 38–42). They further allege Defendants Frye, Daltoso, and Ewald are liable for (1) breach of contract and (2) breach of fiduciary and duty of loyalty. (*Id.* at 29–33.)

**B. Procedural History**

On May 1, 2023, Plaintiffs filed a complaint against Defendants Raymond Frye, Raymond Frye PLLC, and Dentist-Owned Clinics LLC. (Dkt. No. 1.) Concurrent with the Complaint, Plaintiffs filed a motion for a temporary restraining order ("TRO"), seeking to preclude Defendants from using allegedly confidential business files and operating competitive businesses. (Dkt. No. 2.) That day, Plaintiffs also filed an arbitration demand with the American Arbitration Association against Defendant Frye. (Dkt. No. 25-7.) On May 17, 2023, the parties filed a stipulated motion for a preliminary injunction agreeing to the terms of the TRO motion (Dkt. No. 22), which the Court entered (Dkt. No. 23), striking the prior TRO motion as moot (Dkt. No. 24).

The Plaintiffs filed an amended complaint on May 25, 2023, adding as defendants former Smiles employees Brian Daltoso and Jena Ewald, and Defendant Frye's new venture Frye & Correll PLLC. (Dkt. No. 25.) On June 16, 2023, Defendants filed a partial motion to dismiss. (Dkt. No. 32.) Plaintiffs then filed the instant motion to compel arbitration and to stay adjudication of claims against Defendant Frye pending completion of arbitration. (Dkt. No. 33.)

On June 30, 2023, King County Superior Court found Defendant Frye and Plaintiffs' employment agreement contains a valid and enforceable mandatory and binding arbitration agreement. (Dkt. No. 35-1 at 3.) The state court compelled Defendant Frye to arbitrate pursuant to the agreement. (*Id*.) Plaintiffs request this Court, in accordance with the state court's order compelling arbitration, "find the same and abstain from the adjudication of the claims against Frye[,]" including a "stay [of] all briefing and adjudication of Frye's Partial Motion to Dismiss." (Dkt. No. 35 at 2.)

Defendant Frye "acknowledge[d] the [state court] ruling . . . that the arbitration provision in the contract . . . can be enforced against Dr. Frye." (Dkt. No. 37 at 1.) He "does not oppose the relief requested in Plaintiff's Motion to Compel Arbitration." (*Id*.)

In response to this Court's show cause order (Dkt. No. 39), the parties submitted briefing as to whether a stay order should apply to all Defendants rather than just Defendant Frye. (Dkt. Nos. 40, 41.)

### III.  DISCUSSION

**A. Legal Standard**

The decision whether to stay the non-arbitrable issues pending arbitration rests with the sound discretion of the district court. *United Communications Hub, Inc. v. Qwest Communications, Inc.*, 46 Fed.Appx. 412, 415 (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20–21 (1983)).

There is a preference to "proceed[] with the non-arbitrable claims when feasible[.]" *Id*. (citing *Dean Witter v. Byrd*, 470 U.S. 213, 225 (1985) (J. White, concurring) (stating that "the heavy presumption should be that the arbitration and the lawsuit will each proceed in its normal course")). "Expanding the stay, so as to encompass all of the nonarbitrable claims in the case, is

[only] appropriate where the arbitrable claims predominate, or where the outcome of the nonarbitrable claims will depend upon the arbitrator's decision." *Id*. (internal quotations and citations omitted)). If the four corners of the complaint make clear that the non-arbitrable claims "depend[] upon the same facts [as] and [are] inherently inseparable from" the remainder of the arbitrable claims, a stay of all claims is appropriate. *Maguire Ins. Agency, Inc. v. Amynta Agency, Inc., No.*, 2023 WL 372381, at *11 (W.D. Wash. Jan. 24, 2023) (quoting *Ballard v. Corinthian Colleges, Inc.*, 2006 WL 2380668, at *2 (W.D. Wash. Aug. 16, 2006)). Conversely, courts must consider whether permitting the non-arbitrable claims to go forward might "impair [the] arbitrator's consideration" of the arbitrable claims. *Id.* (citing *Ballard*, 2006 WL 2380668).

The Federal Arbitration Act ("FAA") mandates a court stay an action "where [it] is brought by a signatory to an arbitration agreement against another signatory to that agreement, on claims subject to that agreement." *Id.* at *10 (quoting *Ballard*, 2006 WL 2380668, at *2). Courts generally grant stays as to non-signatory defendants, when "the plaintiff's claims against a non-signatory defendant are intertwined with their arbitrable claims against another defendant." *Kater v. Churchill Downs Incorporated*, 2019 WL 3944323, at *2 (W.D. Wash. Aug. 21, 2009)).

B. **Stay of Non-arbitrable Claims**

Defendants urge the Court to stay "all remaining claims against all other Defendants pending the outcome of the arbitration of Smiles' claims against Dr. Frye." (Dkt. No. 41 at 2.) Except for Defendant Frye, none of the other defendants are signatories to the employment agreement that requires arbitration of claims for damages. (Dkt. No. 25-1 at 13.) Plaintiffs contend a wholesale stay is inappropriate as it would "unduly prejudice Plaintiffs, needlessly delay the swift adjudication of this matter, result in unwarranted duplicate litigation, redundant discovery and potentially create inconsistent results." (Dkt. No. 40 at 1.) Plaintiffs instead ask

ORDER ON MOTIONS TO STAY (DKT. NOS. 33, 35) - 5

the Court "stay the proceedings with the exception of allowing Plaintiffs and non-arbitrating Defendants to engage in discovery with the Court's oversight to avoid costly redundant paper discovery, repetitive deposition testimony, and inconsistent results." (*Id*. at 2.)

Count I of the Amended Complaint requests a preliminary injunction and TRO (Dkt. No. 25 at 20), which the parties later stipulated to (Dkt. No. 22).

Counts II and III allege all Defendants are liable for trade secret misappropriation. (Dkt. No. 25 at 22–29.) As noted above, the Court considers whether any non-arbitrable claims depend on the arbitrator's resolution of the arbitrable claim. *U.S. for Use & Benefit of Newton v. Neumann Caribbean Int'l, Ltd.*, 750 F.2d 1422, 1427 (9th Cir. 1985). Here, the crux of Plaintiff's case is that Defendant Frye misappropriated trade secrets to the benefit of his new, competing companies. The arbitrator's decision as to Defendant Frye will have necessary and far-reaching impacts upon his co-Defendants. As head of the LLC Defendants and superior to individual Defendants Daltoso and Ewald, Defendant Frye's actions as an individual are intertwined with the companies and employees he leads. Whether the non-arbitrating Defendants misappropriated trade secrets depends directly on whether Defendant Frye is found to have misappropriated them. Thus, Counts II and III should be stayed as to the other defendants.

Counts V and VII allege breach of contract and breach of fiduciary and duty of loyalty as to Defendants Daltoso and Ewald.[1] Plaintiffs argue the Court should allow discovery to go forward with the non-arbitrating Defendants because "coordination in discovery between all

---

[1] Count IV alleges breach of contract against Defendant Frye. (Dkt. No. 25 at 29.) Count VII also alleges breach of fiduciary and duty of loyalty against Defendant Frye, in addition to Defendants Daltoso and Ewald. (Dkt. No. 25 at 36.) These claims against Defendant Frye are for damages and will be decided in arbitration.

ORDER ON MOTIONS TO STAY (DKT. NOS. 33, 35) - 6

parties will streamline the proceedings and provide the added benefit of a clean record without duplication and avoid inconsistent results in the pending matters." (Dkt. No. 40 at 12–13.)  The Court disagrees and instead anticipates the adjudication of these claims would amount to significant overlap in discovery with Defendant Frye's pending arbitration.   Allowing the non-arbitrating Defendants to proceed with discovery while Defendant Frye, who is at the center of the controversy, proceeds separate and apart would not be a streamlined approach.  Instead, Defendants Ewald and Daltoso, whose actions are invariably linked to Defendant Frye's in overlapping company documents, would have to provide duplicative discovery for the intertwined claims: once in the arbitration action and again in this action.  Whether information used is considered "confidential" is a question the arbitrator will answer, and this Court is loathe to allow conflicting decisions to apply to different defendants.  Thus, Counts V and VII should be stayed as to all Defendants.

Counts VI, VIII, IX, and X claim all Defendants are liable for tortious interference with contract and business relationships, conversion, unjust enrichment, and civil conspiracy.  (Dkt. No. 25 at 33, 39, 39, 41.)  All of these claims hinge on whether the purportedly stolen information was in fact privileged and confidential.  As to the LLC Defendants, the Amended Complaint alleges no separate facts indicating they can or should be judged separately from Defendant Frye, the head of all LLC defendants.  And as to the individual Defendants, as stated above, these claims depend on the arbitrator's decision as to privilege and confidentiality of the information.

The more efficient approach is to allow arbitration to proceed with Defendant Frye, who will then be bound by the arbitrator's decision in his actions as an individual and as leader of his co-defendants.  That decision will inform how this Court moves forward with the non-arbitrating

ORDER ON MOTIONS TO STAY (DKT. NOS. 33, 35) - 7

Defendants, so as not to create conflicting results.  Thus, Counts VI, VIII, IX, and X should be stayed as to all Defendants.

### C. Dismissal or Consolidation of Second Arbitration Action

In their responsive briefing to the show cause order, Plaintiffs requested the Court dismiss a second arbitration proceeding filed by Defendant Frye, or else consolidate it with the first, pending arbitration proceeding.  (Dkt. No. 40 at 2.)  The Court's jurisdiction as to Defendant Frye is limited to injunctive matters.  (Dkt. No. 25-1 at 11.)  The claims in the second arbitration proceedings are for damages.  (Dkt. No. 40 at 4–5.)  Moreover, Plaintiffs have submitted a duplicate motion for dismissal or consolidation with the arbitrator in the first pending arbitration proceeding.  (Dkt. No. 42 at 2.)  As such, the Court declines to make a ruling on the second arbitration proceeding; these rulings may come from the arbitrators themselves.

## IV.   CONCLUSION

Accordingly, having reviewed the Motions, the briefing of the parties, and the remainder of the record, the Court hereby GRANTS both motions to stay.  The Court ORDERS the following:

1. Plaintiff Smiles Services, LLC and Defendant Raymond L. Frye are compelled[2] to arbitrate the claims between them.

2. Except for the Stipulated Preliminary Injunction Order issued on May 18, 2023 (Dkt. No. 23), all matters in this litigation pertaining to the claims between Plaintiffs and all Defendants are stayed pending completion of the arbitration.

---

[2] The Court does not currently make a finding that the employment agreement has a valid and enforceable arbitration agreement.  Instead, the Court compels arbitration on the basis that both parties acknowledge the state court's ruling compelling arbitration, and that Defendant Frye does not oppose the motion to compel.

3. Defendants' Motion for Partial Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 32), and any other pending motions, are STRICKEN but may be refiled once the stay is lifted.

4. The parties will address dismissal or consolidation of Defendant Raymond L. Frye's second pending arbitration proceeding with their arbitrator.

5. The parties SHALL file a joint status report no later than 180 days from the date of this order, informing the Court of the status of the arbitration between Plaintiffs and Defendant Raymond L. Frye.

Dated this 18th day of September 2023.

David G. Estudillo
United States District Judge